UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CHRISTIE STUBBS, et al.                       CIVIL ACTION


VERSUS                                        NO: 14-749


ALLMERICA FINANCIAL BENEFIT                   SECTION: R(3)
INSURANCE COMPANY, et al.


ORDER AND REASONS

Plaintiffs Christie Stubbs and Carol Pickney move to remand and request an award of costs, expenses and attorneys' fees.[1] For the following reasons, the Court GRANTS their motion.

On February 18, 2014, Plaintiffs filed this action in state court against defendants Allmerica Financial Benefit Insurance Company ("Allmerica"), Horace Mann Insurance Company ("Horace Mann") and Encompass Insurance ("Encompass").[2] Allmerica and Horace Mann were served on March 5, 2014.[3] Encompass was served on March 7, 2014.[4] On April 2, 2014, Horace Mann removed the suit to this Court on grounds of diversity jurisdiction.[5] Its notice of removal does not indicate whether Allmerica and Encompass consent to removal.

---

[1] R. Doc. 8.

[2] R. Doc. 1-2 at 1.

[3] *Id.* at 5-6.

[4] R. Doc. 8-9.

[5] R. Doc. 1.

Plaintiffs now move to remand or, alternatively, to abstain.[6] They argue that Horace Mann's failure to obtain the consent of its co-defendants is fatal to its removal petition.[7] Horace Mann has not filed an opposition to the motion to remand. Allmerica and Encompass have made no appearance in this action since Horace Mann removed it to this Court.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). When a suit is removed under this statute, "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Failure to obtain the consent of all defendants who are properly joined and served "renders the [removal] petition defective." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988). Specifically, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Id.* at 1262 n.11.

---

[6] R. Doc. 8.

[7] R. Doc. 8-1 at 5-7.

Here, there is no indication that Allmerica or Encompass consent to removal. Horace Mann neither stated in its notice of removal that it had obtained the consent of its co-defendants nor attached any written confirmation of such consent. Further, it does not argue that either Allmerica or Encompass is not properly joined or served in this matter. Accordingly, the Court concludes that Horace Mann's notice of removal is defective for failure to obtain the consent of all served defendants. The suit must be remanded.

Plaintiffs additionally ask the Court for an award of costs, expenses and attorneys' fees under 28 U.S.C. § 1447(c). This statute permits "courts [to] award attorney's fees when the removing party lacks an objectively reasonably basis for removal." *Howard v. St. Germain*, 599 F.3d 455, 457 (5th Cir. 2010) (per curiam). "[A]ttorney's fees should be denied if an objectively reasonable basis exists." *Id.* "The decision to impose any fee award . . . is within the court's discretion." *Id.*

Here, the Court finds that Horace Mann lacked an objectively reasonable basis for removal. Under long-standing Fifth Circuit precedent, "all defendants who are properly joined and served must join in the removal petition, and . . . failure to do so renders the petition defective." *Getty Oil*, 841 F.2d at 1262 (citation removed). It is evident that Horace Mann knew that Allmerica had been served in the state court proceeding, since it

3

attached proof of service on Allmerica to its removal petition.[8] Further, it either knew or should have known that Encompass had been served, since proof of service on Encompass is included in the state court record.[9] Nonetheless, Horace Mann did not obtain, or at least did not document, its co-defendants' consent, and neither co-defendant joins in the notice of removal.

Horace Mann makes no arguments in defense of its removal petition, as it has failed to file any opposition to Plaintiffs' motion. The Court concludes that Horace Mann's failure to obtain the consent of its co-defendants renders its basis for removal objectively unreasonable. An award of "just costs and any actual expenses, including attorney fees," is warranted under 28 U.S.C. § 1447(c).

Accordingly,

IT IS ORDERED that Plaintiffs' motion to remand and for costs, expenses and attorneys' fees is GRANTED. The matter is referred to the Magistrate Judge to determine Plaintiffs' reasonable costs, expenses and attorneys' fees incurred as a result of removal. The case is otherwise REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this __2nd__ day of June, 2014.

                    _____
                          SARAH S. VANCE
                    UNITED STATES DISTRICT JUDGE

---

[8] R. Doc. 1-2 at 6.

[9] R. Doc. 8-9.

4